# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARROQUIN GERBER LEONEL, A#070-735-665,<br><br>　　　　　　　Petitioner,<br>　vs.<br>JOHN WILLIAMS, etc., et al.,<br><br>　　　　　　　Respondent. | CASE NO. 10cv1685-LAB (NLS)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

Still pending in this case is Petitioner's request for appointment of counsel. The Court **DENIES** the request. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991). It is true that financially eligible habeas petitioners *may* obtain representation whenever the Court "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but the hurdle is a high one: the facts of the particular case must indicate that "appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. Additionally, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). The Court finds that Petitioner's due process rights are not in jeopardy, and that the pleadings

//

Petitioner has filed thus far show him to be sufficiently capable of pursuing habeas relief on his own. The request is therefore **DENIED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED**.

DATED: January 25, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge